Larremore, C. J.
This is a motion for a re-argument, or for leave to go to the court of appeals, and, contrary to our custom, I have considered the merits of the appeal, and not confined myself to an examination as to whether appellant has shown any special grounds entitling him to a re-argument, or to go the court of appeals, under the ordinary rules governing such applications. My conclusions are not - only that appellant is not entitled to a re-argument -under sucii rules, but also that the action of the general term, in June, 1887, in affirming the judgment appealed from, was correct.
*135 The general term gave the following memorandum opinion:
“ The vendor does not transfer his title, and, therefore, cannot recover, as he could in any ordinary case of sale.”
What the learned judges meant thereby, was simply that as the safe in question had not been sold to defendants, they could not be held liable for the contract price. The contract in question is explicit:
“It is agreed that Marvin Safe Oo. shall not relinquish its title to said safe, but shall remain the sole owners thereof until above sum is fully paid in money, and, if notes are given, until all such notes are actually paid in cash.”
It would be going directly counter to this language to hold that a sale would take place thereunder, until the payment in full of the price agreed upon. Defendants gained certain rights under this contract, and so did the plaintiff, but it was not intended that the title should pass, and it cannot be claimed that the mere execution of this agreement constituted a sale.
I have examined the authorities cited by appellant’s ■counsel, but have not been referred to any adjudication which covers the facts of this controversy. Most of such ■citations were of cases relating to articles specifically manufactured to order. Under such circumstances the rule of law seems to be that a right of action for the contract price .accrues upon completion of the article and notification thereof to the orderer. In any view such cases would be inapplicable here. It cannot be claimed that the simple painting of defendant’s name on the safe made the contract ■one for manufacturing or for work and labor. But even among these authorities I find no support for the proposition, that the title to the article may remain in the manufacturer, and he still may sue for the contract price. What .is actually decided is, that a suit by the manufacturer is not inconsistent with his retaining a lien for the price. Furthermore, the authorities, turning upon absolute sales of ■chattels, even though the same had not been manufactured to order, and holding that an action for the contract price would lie against the vendee without actual acceptance by or delivery to him, would not be in point.
The presumption of an absolute sale at the time of the making of the contract, or even at the time of a delivery of the safe is specially negatived by the instrument. According to the plain language of the provision above-quoted, the intention of both parties was that the sale should not be consummated until the actual payment of the purchase-price.
Appellant may argue that under such view of the contract Ire is remediless, and although the safe left his posses *136 sion, he is powerless to collect the price thereof, or enforce payment therefor. The answer to this is that the obvious purpose of the agreement in question was not to enable the vendor^ to sue for the price of a safe actually sold. This he might have done without any special agreement and could have done if the agreement in question had not been made. The object of the instrument was to create a peculiar relation between the parties, so that the defendants might have possession and enjoyment of the safe and at the same time the plaintiff retain title thereto, until such time as the price named wras actually paid. In other words, the design of the agreement was not to facilitate the plaintiff in his recovery of a debt, but to authorize him, for his own security, at any time to resume possession. This he may, of course do now, and furthermore, the defendants have undoubtedly refused to perform, on their part, a contract into which they regularly entered and are liable in damages for such breach of agreement The measure of damages would not be the value or price of the safe, for that still belongs to the plaintiff; it would be the amount of plaintiff’s actual loss, as he was able to prove it under the ordinary rules of law.
As this action was brought, not for damages, but for the price of the safe on the theory that a sale had actually been made, the complaint was rightfully dismissed.
The motion for re-argument or for leave to go to the court of appeals, should be denied.